UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANEE PETERMAN, | Case No. 2:25-cv-01489-DC-CSK |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| 1-800-PACK-RAT, LLC, | |
| Defendant. | |

Plaintiff Hanee Peterman, proceeding without the aid of counsel, originally filed this action in Sacramento County Superior Court on April 1, 2025.[1] (ECF No. 1-1.) Defendant 1-800-Pack-Rat, LLC removed this action to federal court on May 28, 2025. (ECF No. 1.) On June 22, 2025, the district judge issued a related case order relating and reassigning to District Judge Dena Coggins and the undersigned the following cases: (1) this action, (2) *McBryde v. 1-800-Pack-Rat*, LLC, 2:25-cv-01474-DC-CSK (E.D. Cal. 2025), and (3) *McBryde v. 1-800-Pack-Rat, LLC*, 2:25-cv-01498-DC-CSK (E.D. Cal. 2025). (ECF No. 9.)

On June 4, 2025, Defendant filed a motion to dismiss and set it for hearing before Magistrate Judge Carolyn K. Delaney. (ECF No. 5.) In light of the Related Case Order

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

1  reassigning this action to the undersigned, on June 23, 2025, the motion to dismiss
2  hearing before Judge Delaney was vacated and Defendant was directed to re-notice the
3  hearing before the undersigned. (ECF No. 10.) On June 24, 2025, Defendant filed an
4  amended motion to dismiss and set it for a hearing before the undersigned for July 22,
5  2025.[2] (ECF No. 11.) After Plaintiff's deadline to file an opposition or statement of non-
6  opposition to Defendant's motion had passed, on June 27, 2025, the Court ordered
7  Plaintiff to show cause by July 7, 2025 why the Court should not construe Plaintiff's
8  failure to file a timely opposition as a non-opposition to Defendant's motion to dismiss
9  and why this case should not be dismissed for failure to prosecute. 6/27/2025 Order
10 (ECF No. 12) (citing E.D. Cal. L. R. 110 and Fed. R. Civ. P. 41(b)). The deadline has
11 now passed without any response from Plaintiff to the Order to Show Cause, or to
12 Defendant's motion to dismiss. *See* Docket. Accordingly, the Court recommends
13 dismissal of this action for failure to prosecute.

14 **I.    LEGAL STANDARDS**

15       Under Federal Rule of Civil Procedure 41, a court may dismiss an action for
16 failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the
17 court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v.*
18 *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's
19 failure to follow the district court's local rules). This court's Local Rules are in accord.
20 *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these
21 Rules or with any order of the Court may be grounds for imposition by the Court of any
22 and all sanctions authorized by statute or Rule or within the inherent power of the
23 Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply
24 with the federal rules, local rules, or other applicable law may support dismissal of that
25 party's action). The court may act on its own accord in exercising this authority. *Hells*

---

[2] On July 9, 2025, the Court granted Defendant's request to appear remotely at the July 22, 2025 hearing. (ECF No. 14.) The Court reset the July 22, 2025 hearing for 9:30 a.m. before the undersigned via Zoom. (*Id.*)

*Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) merits the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.     DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the deadline to file an opposition or statement of non-opposition to Defendant's motion to dismiss and was given an opportunity to explain this failure. (ECF No. 12.) Despite this, Plaintiff has failed to respond to the Order to Show Cause, respond to the motion to dismiss, or participate in this litigation, leaving the Court with little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua

sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The July 22, 2025 Zoom hearing on Defendant's motion to dismiss is VACATED; and
2. The Clerk of Court is directed to send a courtesy copy of this order and findings and recommendations by e-mail to Plaintiff at the e-mail address listed by Plaintiff on her documents haneepeterman23@gmail.com.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED;
2. Defendant's amended motion to dismiss (ECF No. 11) be DENIED as moot; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, pete1489.25